## Fidelity & Columbia Trust Company v. Edelen, et al.

(Decided June 15, 1917.)

### Appeal from Nelson Circuit Court.

1. Corporations—Subscription—Transfer of Stock.—One who has subscribed for stock in a corporation but has not paid his subscription may not transfer his stock in the corporation to insolvent persons while the corporation is in failing circumstances with the purpose to have the corporation to continue as a going concern, and avoid liability on his subscription.

2. Corporations—Subscriptions.—Existing creditors of a corporation may compel one who subscribed for stock, to pay his subscription as other debtors and have that amount applied to the satisfaction of the debts of the corporation.

3. Corporations—Subscriptions—Liability to Subsequent Creditors.—
Where one subscribed for stock in a corporation, but no stock
is issued to him, and thereafter while the concern is solvent
and going, transfers his subscription to others, and the cor-
poration continues in business, amending its articles of incorpora-
tion, changing its name and satisfying all the obligations of
the original corporation, the original subscriber will not be liable
on his subscription to subsequent creditors.

JOHNSON HIEATT & SCHEIRICK, NAT. W. HALSTEAD and
JOSEPH J. HANCOCK for appellant.

KELLEY & KELLEY and R. C. CHERRY for appellees.

Opinion of the Court by Judge Sampson—Affirming.

In September, 1909, R. H. Edelen, Dr. F. S. Clark
and Thomas L. Marshall organized and incorporated the
Marshall-Clark Motor Car Company. Its authorized
capital was fixed at twenty thousand dollars, divided into
two hundred shares, of one hundred dollars each, one-
half of which was preferred and the other common stock.
In the organization R. H. Edelen subscribed for eighty-
four shares of the preferred stock, Dr. F. S. Clark for
eight shares, and Thomas L. Marshall eight shares, mak-
ing a total of one hundred shares, or one-half of the total
capitalization. These three persons only signed and
acknowledged the articles of incorporation, and there-
after became directors and officers of the company.
Neither of the three paid for the stock for which he sub-
scribed. This action was instituted to recover of Edelen
eighty-four hundred dollars on his unpaid stock sub-
scription.

By an arrangement between Edelen and the company,
Edelen provided the capital with which the company did
business and was to and did receive seven per cent. inter-
est thereon. Both Clark and Marshall were insolvent.

In October, 1910, Edelen, with consent of all the stock-
holders, sold his rights under his subscription for stock
(eighty-four shares) to Clark and Marshall, his two as-
sociates, and they assumed Edelen's indebtedness to the
company on account of the stock subscription. No
stock was ever issued to Edelen. The company continued
in business and was yet owing Edelen some of the money
borrowed from him at the time the company became bank-
rupt. Shortly after Edelen transferred his subscription
for eighty-four shares of the capital stock of the com-
pany to Clark and Marshall, the entire stock of the com-

pany was issued to Clark, Marshall and C. A. Colley. In the early part of 1911, the articles of incorporation of the company were amended so as to increase the capital stock from twenty thousand dollars to thirty thousand dollars, and these articles were signed and acknowledged by Thomas L. Marshall and Dr. F. S. Clark only. Edelen appears to have had no connection with the company after October, 1910.

On July 19, 1911, the articles of incorporation were again amended by changing the name from Marshall-Clark Motor Car Company, to Clark Motor Car Company, and certain other changes, and these amended articles were signed and acknowledged by F. S. Clark, C. A. Colley, S. W. Clark and Ernest Coffman.

Again on October 14, 1911, the articles were amended increasing the capital stock from thirty thousand dollars to sixty thousand dollars, and these articles were signed and acknowledged by F. S. Clark, C. A. Colley, S. W. Clark and Ernest Coffman.

And again on September 18, 1912, the articles of incorporation were amended and signed and acknowledged by F. S. Clark, S. W. Clark, C. A. Colley and Ernest Coffman.

This action was instituted in the Nelson circuit court in June, 1916, by the trustee in bankruptcy of the Clark Motor Car Company against R. H. Edelen and his trustee in bankruptcy, to recover eighty-four hundred dollars, with six per cent. interest thereon, from the date of the subscription of Edelen for stock in the Marshall-Clark Motor Car Company, it being alleged that Edelen never paid his subscription and said amount was owing and due by Edelen to the company for eighty-four shares of stock for which he subscribed. It is also charged that the Marshall-Clark Motor Car Company, in October, 1910, at the time Edelen undertook to transfer his stock in the company to Marshall and Clark, his associates, was insolvent and owed debts which had never been paid, and that both Clark and Marshall were insolvent at that time, but that Edelen was a man of means and that he made the transfer in order to avoid responsibility for the amount of his subscription for the stock of the company, and that this was a fraud upon both existing and subsequent creditors of the concern.

After the issues were made up and evidence taken, by agreement of the parties, the case was submitted upon both the law and facts to the court without the intervention of a jury. A separate finding of fact and law was

requested, whereupon the trial court found the facts as follows:

1. At the time of these various transactions, R. H. Edelen was a man of means and T. L. Marshall and Dr. F. S. Clark were both insolvent.

2. The Marshall-Clark Motor Car Company was not insolvent or failing in September, 1910, and was not so regarded by either R. H. Edelen, T. L. Marshall or Dr. F. S. Clark.

3. In the month of September, 1910, the said Edelen sold his shares of stock in the Marshall-Clark Motor Car Company to T. L. Marshall and Dr. F. S. Clark. At that time said Clark and Marshall were the only other shareholders in said corporation. In that sale, Marshall and Clark assumed the payment due on the subscription for said Edelen's stock, and this was accepted by all the shareholders of said company, and constituted a novation so far as the company was concerned.

4. The company ratified and approved this action on the 1st of October, 1910, by issuing to Dr. F. S. Clark, T. L. Marshall and Clyde A. Colley all of its capital stock to the exclusion of said Edelen.

5. The issual of said stock was formally entered upon the company's stock ledger on said date, October 1, 1910, and constituted a valid transfer.

6. Summarizing the preceding findings, the court finds that the said sale and transfer were *bona fide*.

7. None of the debts existing at the time of the bankruptcy of the Clark Motor Car Company, and proved and allowed against the bankrupt estate, existed at the time of said sale.

8. The stockholders and directors of plaintiff's corporation and its predecessor held repeated meetings subsequent to the sale and transfer of said stock, beginning January 5, 1911, and extending to the —— day of ——, 1913, all of which appears on its minute book. At a great many of these the names of all the shareholders and the amount of their holdings are shown, in none of which R. H. Edelen's name is included.

9. After the sale of his stock, three different amendments to the articles of incorporation were regularly adopted and recorded by the corporation. One of these, on the 19th of July, 1911, gave the name of all the incorporators and does not include the name of R. H. Edelen, and the court finds as a matter of fact that none of the claims proven and allowed against the bankrupt, Clark Motor Car Company, existed on said date, July

19, 1911, with the exception of R. H. Edelen's claim, and under the finding of the law, all of said claims are barred, even if the sale and transfer of his shares by Edelen have been fraudulent.

The finding of fact appears to be sufficiently sustained by the evidence in the record. It is a rule in this jurisdiction that where the law and facts in an ordinary case are submitted to the court, its findings of fact are to be treated as a verdict of a properly instructed jury, and will not be disturbed unless palpably against the evidence.

It also appears from the evidence that while the Motor Car Company was indebted to certain supply and oil companies at the time Edelen transferred his subscription for stock to Clark and Marshall, each and all of these creditors had been fully satisfied as to such existing debts long before the commencement of this action. All debts and obligations existing in October, 1910, date of transfer by Edelen, were paid. It is true, however, that some of the same creditors had continued to sell goods and supplies to the car company, and that new accounts had been opened and new obligations created, which were unsatisfied at the time the company went into bankruptcy. For these reasons it is insisted that the creditors of the car company are entitled to recover the amount of Edelen's subscription, and to apply the same to the obligations now owing by the company.

Under our statute, section 547, it is provided that "the stockholders of each corporation shall be liable to creditors for the full amount of the unpaid part of stock subscribed for by them, . . . and no stockholder shall be liable because of being a stockholder, for any sum more than to the amount of the unpaid part of stock held by such stockholder of any company, . . . and no transfer of stock shall operate as a release *of any such liability existing at the time of such transfer;* Provided.

"The action to enforce such liability shall be commenced within two years from the time of such transfer."

From this, it will be observed that a stockholder may not absolve himself from liability on account of his subscription to stock by transfer, as against a liability, debt or obligation existing at the time of said transfer, if suit be commenced within two years. At common law a stockholder could transfer his stock at any time, and was thereafter relieved of all liability on account thereof.

This statutory provision imposing a liability to existing creditors contravenes the common law, and must therefore be strictly construed. While we do not hold that the transfer of capital stock by a solvent holder to an insolvent party in an insolvent corporation with the intention to have the corporation continue in business as a going concern, would not be fraudulent as to future creditors without notice, yet, an obligation or liability created or incurred after the transfer of the stock is completed and recorded on the books, or the amendment of the articles of incorporation, signed and acknowledged by all of the stockholders, and properly recorded in the office of the clerk of the county court, would not involve the transferor, who acted in good faith.

In this case Edelen transferred his subscription for stock to Clark and Marshall in October, 1910. The business continued in the name of Clark Motor Car Company, and the debts of the Marshall-Clark Motor Car Company were fully satisfied. On June 11, 1913, the Clark-Motor Car Company went into bankruptcy. Later on Edelen was adjudged a bankrupt. Up to June 11, 1913, no creditor, except Edelen, had filed any action against the Clark Motor Car Company to enforce the collection of any debt owing by it, nor had suit been brought to enforce the collection of Edelen's subscription before the commencement of the first action and before the car company went into bankruptcy. Edelen's trustee relied upon the statute of limitation included in section 547, Kentucky Statutes, which reads: "Provided, the action to enforce such liability shall be commenced within two years from the time of transfer." The remedy which the creditors invoke is statutory, and contravenes the common law. To have relief under such statute the petitioner must come within the provisions thereof, and this the petitioners in this case have failed to do. No creditor was misled or injured by the transfer of the subscription of Edelen. Edelen did not hold himself out as an officer or stockholder of the corporation, but, on the other hand, every record of the corporation, as well as the amended articles of incorporation which were recorded in the office of the clerk of the Jefferson county court, make it clear that Edelen was not a stockholder. There was no fraud or bad faith connected with that transfer. No claimant extended credit to the corporation on the faith that Edelen was a stockholder or upon his indebtedness to the company on account of the unpaid

subscription.   It follows, therefore, that the judgment of the lower court dismissing the petition of appellant must be sustained.

Judgment affirmed.